St. John's Lutheran Church and St. John's Lutheran
Foundation, Inc., Plaintiffs-Respondents,

v.

City of Bloomer, Defendant-Appellant.

Court of Appeals

No. 83–1480. Submitted on briefs February 6, 1984.—
Decided March 20, 1984.
(Also reported in 347 N.W.2d 619.)

For the appellant the cause was submitted on the brief of *Wilcox & Wilcox* and *Francis J. Wilcox* of Eau Claire.

For the respondents the cause was submitted on the brief of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.,* and *Jeffrey W. Guettinger* of Eau Claire.

Before Foley, Dean and Cane, JJ.

CANE, J.  The City of Bloomer appeals a judgment declaring property owned by St. John's Lutheran Church and St. John's Lutheran Foundation, Inc. (St. John's), exempt from all general property taxes under sec. 70.-11(4), Stats., and allowing St. John's to recover all the taxes it paid under protest, plus interest and costs. The city argues that the trial court improperly denied its motion for summary judgment and granted St. John's summary judgment because its retirement home, surrounding land, and nearby garage were not tax exempt under sec. 70.11(4). Because St. John's Parkview Apartments, the garage, and surrounding land meet the requirements for tax exemption under sec. 70.11(4), we affirm the judgment.

The church owns land on which the foundation built Parkview Apartments with borrowed funds. The foundation later built a garage, and the church bought additional land adjoining the original parcel. Only persons at least sixty-two years old who deposit $39,000 with the foundation can acquire an apartment in Parkview. The deposit, less $160 per month of occupancy, will be returned when the apartment is vacated. The tenant also pays for utilities and a fixed maintenance fee. Parkview Apartments provides no medical or nursing care services.

The foundation's articles of incorporation provide that it is organized "exclusively for charitable purposes in the operation of a home for the aged." They also provide that upon dissolution, the excess assets are to be

disposed of "exclusively for the purposes of the corporation, in such manner, or to such organization or organizations organized and operated exclusively for . . . purposes as shall at the time qualify as an exempt organization . . . under Section 501 (c) (3) of the Internal Revenue Code of 1954 . . . as the board of directors shall determine."

The trial court granted summary judgment based upon its application of sec. 70.11 (4) to the undisputed material facts of this case. We must reverse a summary judgment if it is based on an incorrect determination of a legal issue. *Arnold v. Shawano County Agricultural Society,* 106 Wis. 2d 464, 469, 317 N.W.2d 161, 164 (Ct. App. 1982), *affd,* 111 Wis. 2d 203, 330 N.W.2d 773 (1983).

Section 70.11, Stats., provides in part:

The property described in this section is exempted from general property taxes:

. . . .

(4) . . . Property owned and used exclusively . . . by churches or religious, educational or benevolent associations, including benevolent . . . retirement homes for the aged . . . .

The burden of demonstrating whether property is exempt from taxation is on the party seeking exemption. *Sisters of St. Mary v. City of Madison,* 89 Wis. 2d 372, 379, 278 N.W.2d 814, 817 (1979). To qualify under sec. 70.11 (4) for the exemption of its property from taxation, an organization operating a retirement home for the aged must (1) be a benevolent association, (2) have exclusive use of the personal property for its purposes, and (3) not use the real and personal property for pecuniary profit. *Family Hospital Nursing Home, Inc. v. City of Milwaukee,* 78 Wis. 2d 312, 318, 254 N.W.2d 268, 272 (1977). The city argues that St. John's fails the first and third parts of the test. We disagree.

The word "benevolent" has a broad meaning and does not imply or require alms-giving. *Id.* "To help retired persons of moderate means live out their remaining years is 'benevolent' whether or not it is also considered . . . 'charitable.' " *Milwaukee Protestant Home v. City of Milwaukee,* 41 Wis.2d 284, 300, 164 N.W.2d 289, 297 (1969). Founder's fees and occupancy charges do not change the basic benevolent purpose and character of an institution. *Id.* at 297, 164 N.W.2d at 295. The failure to include the word "benevolent" in an organization's articles of incorporation is not controlling; it is the facts as a whole that determine whether the exemption of sec. 70.11(4) applies. *Family Hospital,* 78 Wis. 2d at 319, 254 N.W.2d at 272–73.

The record demonstrates that St. John's Parkview Apartments is a benevolent retirement home. The articles of incorporation of the foundation indicate that it was organized solely to operate a home for the aged. It has no other purpose. The city argues that, because the Parkview Apartments residents do not receive rental discounts or services without charge, no benevolent aid is extended to them and Parkview is therefore not a benevolent retirement home within the meaning of sec. 70.11(4). The supreme court in *Milwaukee Protestant Home,* 41 Wis. 2d at 291, 164 N.W.2d at 292, however, recognized that such homes are "what the name implies, homes for retired persons, places of congregate living where retirees go to live, expecting to pay the fees charged and to receive the usual incidents of group home living." Many retirees are not sick, senile, or penniless, but seek group retirement home living for companionship, to maintain self-respect, and for protection against the ravages that declining years may bring. We reject the city's argument that Parkview Apartments must be distinguished from the home in *Milwaukee Prot-*

*estant Home* because Parkview is not connected to a facility that provides nursing care. This argument ignores the court's recognition that retirement homes for the aged "have developed either as independent institutions or as wings or additions to existing homes for the aged," and ignores the nonmedical benefits that even independent retirement homes for the aged can provide. *See id.*

The city also contends that St. John's can use Parkview Apartments for pecuniary profit. It argues that, after construction costs are paid from capital receipts, the foundation can dissolve and, after paying its debts, can distribute its assets to entities that might not qualify for property tax exemption.

A benevolent association must be free from even the possibility that profits may accrue to its founders, officers, or directors. *Milwaukee Protestant Home,* 41 Wis. 2d at 294, 164 N.W.2d at 294. This requirement does not mean that the property must be operated at a loss. The question is whether there may be profit to someone other than the benevolent association itself. *Family Hospital,* 78 Wis. 2d at 321, 254 N.W.2d 273.

No organization can last forever. Since a benevolent organization can accumulate gain or profit, it is only realistic that an organization might provide for the distribution of its excess assets upon dissolution. St. John's has provided that such assets be disposed "exclusively for the purposes of the corporation" to one or more organizations operating solely for purposes exempting them from federal income taxation. This provision would not allow the assets to go to persons involved in organizing or operating St. John's. It restricts distribution of assets to the purposes of the corporation; i.e., "charitable purposes." This is sufficient to establish that St. John's does not operate Parkview Apartments for pecuniary profit. The city, however, asks us to create

an additional requirement under sec. 70.11 (4) that upon dissolution, excess assets must be distributed only for purposes that would be exempt from property taxation. Such a requirement would unreasonably extend the prohibition against operating property for pecuniary profit. While an exemption statute must be strictly construed, it must also be construed reasonably. *Sisters of St. Mary,* 89 Wis 2d at 379, 278 N.W.2d 817.

The additional land and the garage owned by St. John's are also tax exempt. The garage is owned and used exclusively by the benevolent association, as required by the statute. Only Parkview Apartments residents use the garage. We reject the city's argument that the garage is subject to taxation if it is not a necessity and was not included in the original tenants' contracts. The tax exemption for benevolent retirement homes for the aged is not limited to "necessities" included in the original construction. The record also indicates that the subsequently purchased land is used exclusively by St. John's as landscape for Parkview Apartments and for additional parking for the church and Parkview Apartments residents and is not used for profit. It is tax exempt under sec. 70.11 (4).

*By the Court.*—Judgment affirmed.